UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| DEWAYNE VAUGHN and AMANDA VAUGHN, ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. 6: 06-456-DCR |
| V. ) ) | |
| ALTERNATIVE DESIGN MANUFACTURING AND SUPPLY, INC., ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. ) | |

*** *** *** ***

Plaintiffs Dewayne and Amanda Vaughn are citizens and residents of the Commonwealth of Kentucky. They filed this action against Defendant Alternative Design Manufacturing and Supply, Inc. ("Alternative Design") in this Court on October 17, 2005. [Record No. 1] Their Complaint asserts, in relevant part, that Plaintiff Dewayne Vaughn was injured on December 16, 2005, when he became entangled in a waste auger and conveyor system located at Cobb-Ventress' Strawberry Hill facility in Wayne County, Kentucky. Alternate Design filed its Answer on November 9, 2006. [Record No. 4] Through this pleading, the Defendant either denied or asserted a lack of knowledge regarding most of the Plaintiffs' factual allegations.[1]

---

[1] Jurisdiction is based upon diversity of citizenship. 28 U.S.C. § 1332. Alternate Design admits that it is a corporation organized and existing under the laws of the state of Arkansas and having its principal place of business in that state. [See Record No. 4; Answer ¶ 3.] Accordingly, there is no dispute that the parties to this action are diverse.

After filing suit and faced with a statue of limitations that would expire in less than two months, Plaintiffs' counsel sought to take early discovery for the purpose of determining other, potentially responsible parties. [Record No. 8] Alternative Design opposed the Plaintiffs' efforts. As outlined in a November 14, 2006, letter from the Defendant's attorney, Alternative Design requested, instead, that it be allowed to depose the Plaintiffs. [See Record No. 26, Exhibit 8.] On November 20, 2006, the Court granted the Plaintiffs' motion to expedite discovery. Eventually, Alternate Design's corporate representative was deposed in Arkansas on December 6, 2006. Approximately one week later, the Plaintiffs filed a separate action in the Wayne Circuit Court. [Record No. 26, Exhibit 9]

The Plaintiffs' state court action asserts claims against Alternate Design as well as other companies and individuals located within and outside Kentucky. According to the state court Complaint, Plaintiff Dewayne Vaughn's injuries resulted from:

i. Alternative Design's negligence, breach of warranties and failure to exercise reasonable care to warn operators concerning the conveyor system;

ii. Defendant Lincoln Poultry Clean Out Equipment's negligence, breach of warranties and failure to exercise reasonable care to warn operators concerning the waste auger system;

iii. Defendant Carl Biggs' negligence, breach of warranties and failure to exercise reasonable care to warn operators concerning the waste auger system;

  iv.  Defendant Chriswell Construction, Inc.'s negligence, breach of warranties and failure to exercise reasonable care to warn operators concerning the waste auger system;

  v.  Defendant Hart Construction, Inc.'s negligence, breach of warranties and failure to exercise reasonable care to warn operators concerning the chicken house and related electrical service;

  vi.  Defendant Gary Bailey's negligence, breach of warranties and failure to exercise reasonable care to warn operators concerning the installation of the animal cages and conveyor system;

[See Record No. 26; Exhibit 9, ¶¶ 13 – 56.]

In conjunction with the filing of the state court action, the Plaintiffs moved the Court to dismiss this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. [Record No. 22] Alternate Design opposes dismissal of this action, claiming that it would be prejudiced if the Plaintiff obtains the relief sought. [Record No. 25] Having reviewed the authorities relied upon by the parties, the Court is of the opinion that the Plaintiff have acted diligently and appropriately in seeking to proceed in state court against non-diverse parties, including Alternate Design. Further, while Alternate Design has expended some time and expense in the limited discovery taken to date, it does not appear that it will be unduly prejudiced because the information obtained can be used in the pending state court proceeding. Accordingly, the Plaintiffs' motion will be granted and this action will be dismissed, without prejudice.

**Voluntary Dismissal Under Rule 41 (a)(2), Fed.R.Civ.P.**

Rule 41 (a)(1) of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss an action without prejudice and without court authorization by filing a notice of dismissal or stipulation of the parties, provided an answer or motion for summary judgment has not been filed. Where, as here, a defendant has answered the allegations of a complaint, a plaintiff must obtain permission of the Court to obtain a voluntary dismissal. See Rule 41 (a)(2), Fed.R.Civ.P.

As noted by Alternate Design, the four factors to be considered in determining whether to grant a motion to voluntarily dismiss an action are: (1) the amount of time and effort the defendant has expended in preparing for trial; (2) any lack of diligence on the part of the plaintiff in prosecuting the action; (3) the plaintiff's failure to explain the need for dismissal; and (4) whether the defendant has filed a motion for summary judgment. *Grover by Grover v. Eli Lily & Co.*, 33 F.3d 716 (6th Cir. 1994). The Defendant argues that because it have been forced to spend time and money answering the complaint, briefing the Plaintiffs' motion to take early discovery, locating and reviewing documents, and preparing and defending depositions, dismissal is proper under *Grover*, *id.* In addition, it asserts that the Court should consider the fact that the party that destroys diversity jurisdiction – Chriswell Construction – was not even identified during the Court-ordered discovery. Instead, its identity was obtained from Cobb-Ventress and was available prior to this action being filed. [Record No. 25, p. 2] Further, Alternate Design asserts that, because the Plaintiffs' claims against it relate to the conveyor system (as opposed to the waste auger system), the non-diverse defendant is not an indispensable

party to this action. Thus, the two actions may proceed simultaneously.[2] However, having considered the parties' positions, the Court is not convinced by Alternate Design's arguments.

It appears that the Plaintiffs' attorneys acted diligently and responsibly in attempting to identify potentially liable parties prior to the filing of this action. Further, after this action was filed in October 2006, counsel attempted to obtain informal discovery so that they could add parties before the expiration of Kentucky's one year statute of limitations period. When Alternate Design resisted these efforts, the Plaintiffs were required to obtain relief from the Court. Regardless of whether additional defendants were identified during the Defendant's deposition, this Court cannot conclude that the Plaintiffs' attorneys did not act diligently. Likewise, while Alternate Design has expended some time and expense in conjunction with the early discovery, this effort will not be wasted. Clearly, it will be able to use this information in relation to the pending state court action.

Next, the Court cannot conclude that the non-diverse defendants added in the state court action are not indispensable in this proceeding. The Plaintiff claims that he was injured as a result of several breaches relating to the integrated conveyor and waste removal system. At this point in the proceedings, the Court cannot conclude that the claims against one defendant are separate and discrete. Thus, the Court concludes that the Plaintiff has adequately explained the need to dismiss this action. Finally, there is no dispute that summary judgment motions have not been filed at this stage of the case. Under *Grover by Grover v. Eli Lily & Co.*, 33 F.3d 716, all four factors to be considered favor dismissal without prejudice.

---

[2] Alternatively, Alternate Design contends that, if the Court grants the relief sought by the Plaintiffs, it should award its attorney fees and expenses incurred in this action. This argument will be discussed below.

**The Defendant's Request For Attorney Fees And Expenses**

Citing *Smoot v. Fox*, 353 F.2d 830 (6th Cir. 1965), and *Sahutsky v. National Dairy Prods. Corp.*, 184 F.Supp 68 (E.D. Pa. 1960), Alternate Design argues that if this action is dismissed, the Plaintiffs should be required to pay its attorney fees and expenses incurred in defending this action. However, under the circumstances presented, such relief would be inappropriate.

As noted previously, while the Defendant has incurred some cost and expense in connection with this action, the work performed will be relevant to the action pending in the Wayne Circuit Court. The Plaintiffs' motion to dismiss was not filed on the eve of trial and it was not filed as a means of avoiding the jurisdiction of a court it selected initially. Instead, it moved the Court to dismiss this action at an early stage of the proceedings upon discovering that the addition of a potentially necessary party would destroy diversity jurisdiction. The Plaintiffs cannot be said to have acted in a frivolous, unreasonable or dilatory manner. Therefore, an award of attorney fees or costs is not justified.

For the reasons discussed above, it is hereby

**ORDERED** that the Plaintiffs' motion to dismiss this action without prejudice [Record No. 22] is **GRANTED**. This action is **DISMISSED**, without prejudice, and **STRICKEN** from the Court's docket. The Defendant's request for attorney fees and costs is **DENIED**.

This 24th day of January, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge